# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THOMAS JAMES, JR., ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-0872 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## MEMORANDUM & ORDER

Before the court is Thomas James, Jr.'s *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1), augmented by James' own supporting Memorandum (Doc. No. 2) and the Supplemental Brief (Doc. No. 10) filed on his behalf following the appointment of counsel. James seeks to vacate and reduce the sentence entered upon his criminal conviction in *United States v. James*, No. 3:01-cr-82 (M.D. Tenn. Mar. 18, 2002) (Judgment, Doc. No. 23)[1] (Haynes, J.), under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

James was indicted in May 2001 on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Crim. Doc. No. 1.) He later pleaded guilty to that charge pursuant to a plea agreement. (Clerk's Resume of Hr'g, Crim. Doc. No. 9.). Following a sentencing hearing held on March 18, 2002, the court sentenced him to 188 months to run concurrently with an outstanding state sentence. No appeal was taken.

The Presentence Report ("PSR") found that James qualified for a base offense level

---

[1] References to the criminal case herein will be designated as "Crim. Doc. No. __."

under U.S.S.G. § 2K2.1(a)(2) based on the following Tennessee convictions for crimes of violence:

> (1) Case No. 91-W-408: felony escape, aggravated robbery, theft of property, and aggravated burglary;
>
> (2) Case No. 93-D-1429: facilitation of aggravated robbery;
>
> (3) Case No. 99-C-12190: robbery; and
>
> (4) Case No. 99-D-3023: aggravated burglary.

(PSR ¶ 9.) The PSR also found that James qualified as a career offender under the ACCA, 18 U.S.C. § 924(e), but without specifying which prior convictions fell within the purview of the ACCA. (*Id.* ¶ 15.) James now argues that at least some of his prior convictions no longer qualify as "violent felonies" under *Johnson*.

> The ACCA provides in relevant part as follows:
>
> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . , such person shall be fined under this title and imprisoned not less than fifteen years . . . .
>
> (2) As used in this subsection—
>
> . . . .
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
> >
> > > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > >
> > > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e).

In *Johnson v. United States*, the Supreme Court struck down the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk

of physical injury to another"), as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The Supreme Court determined that the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* Subsequently, the Court held that *Johnson* was "a substantive decision and so has retroactive effect . . . in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

James maintains that he is entitled to sentencing relief under *Johnson* because his convictions for felony escape, theft of property, aggravated burglary, and facilitation of aggravated robbery only qualify as violent felonies under the ACCA's unconstitutionally vague residual clause. He acknowledges that the Sixth Circuit has held that Tennessee aggravated robbery qualifies as a violent felony under the use-of-force clause of the ACCA, § 924(e)(2)(B)(i). *See United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014) (holding that Tennessee robbery is a violent felony for purposes of the ACCA); *see also United States v. Lester*, 719 F. App'x 455, 458 (6th Cir. 2017) (reaffirming the continued validity of *Mitchell* and holding that *Mitchell* compelled the conclusion that aggravated robbery is also a violent felony).

In addition to the aggravated robbery conviction, James has at least two prior convictions for Tennessee aggravated burglary. After the briefing in this case concluded, the Supreme Court, reversing the Sixth Circuit's *en banc* conclusion to the contrary, held that Tennessee aggravated burglary, defined as "burglary of a habitation," Tenn. Code Ann. § 39-14-403(a), qualifies as a generic "burglary" under the enumerated-offense clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Stitt*, 139 S. Ct. 399, 407 (2018). Thus, it is clear that James has at least three qualifying convictions and was properly sentenced under the ACCA. He is not entitled to relief under 28 U.S.C. § 2255.

**Conclusion and Order**

For the reasons set forth herein, the Motion to Vacate is **DENIED**.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. Because the court finds that the applicant has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court hereby **DENIES** a COA. The movant may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final Order in this case. The Clerk shall enter judgment. Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge